### Jesse Payne v. The State.

#### No. 1705. Decided April 17, 1912.

**Burglary—Plea of Guilty—Warning.**

Where, upon trial of burglary, the defendant pleaded guilty, the court complying with all the requisites of the law, there was no error in refusing a new trial on the ground that defendant had been misled.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was indicted for burglary. He pleaded guilty. The judge, in the charge to the jury, recites to them that the appellant in open court has complied with all of the requisites of a plea of guilty in a felony case as prescribed in articles 581, 565 and 566, Code Criminal Procedure. Thereupon the jury found him guilty as charged and assessed his punishment at the lowest penalty, two years in the penitentiary. The judgment entered in the case also fully complies with the requisites as prescribed by the above articles and the judgment to be rendered on such plea.

It seems that later another attorney other than the one who represented him at the time this plea and judgment were entered was employed for him, and although the appellant had been sentenced, the court permitted a motion for new trial to be filed and heard the same and heard evidence thereon. In this matter it is shown that the appellant and his mother testified that appellant's attorney had told them that if he would plead guilty, he would not be sentenced under the new law, but his sentence suspended pending good behavior. His attorney in the hearing before the court on this motion, testified positively the reverse of this and that all this occurred before he entered his plea of guilty. Clearly this raised a question of fact which shows to have been considered by the lower court and decided against appellant on this point. In addition, as stated above, both the charge of the court and the judgment specifically recited and stated everything that was requisite as prescribed by the said articles of procedure above cited. We are of the opinion that the court did not err in refusing a new trial.

The judgment will, therefore, be affirmed.

*Affirmed.*